# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

IN RE: :

JOHN MACIVER IV, :  CHAPTER 7

    Debtor

: CASE NO.: 10-22938

---

JOHN MACIVER IV,             Re: ECF No. 10
    Movant

vs.

DUNCAN TABER, LLC

CAPITAL ONE BANK (USA), N.A., :

LAWRENCE AND
MEMORIAL HOSPITAL, :

    Respondents

---

Anthony Novak,
Trustee             :

## ORDER ON MOTION TO AVOID LIENS
## PURSUANT TO BANKRUPTCY CODE SECTION 522(f)

After notice and a hearing, *see* Bankruptcy Code Section 102 (1), upon the Debtor's Motion to Avoid Judicial lien (hereafter, "the motion"), and there being nop objection thereto, and it having been represented that::

1. On the date of the commencement of this case, August 26, 2010, the fair market value of the debtor's interest in his residence and real estate (the "Property") located at 234 Mystic Rd., North Stonington, Ct., was $300,000.00.

2. On the date of the commencement of this case, the Debtor JOHN MACIVER IV was the owner of the property and was obligated on a mortgage initially from Mortgage Electronic Registration Systems, Inc. as Nominee for WEBSTER BANK, N.A., a first mortgage (recorded on 6/26/2003 in Volume 154, page 790) subsequently assigned to Webster Bank, to JOHN MACIVER IV and Jessica K. Verhoosky in the original amount of $296,100.00 plus interest and a present amount of $267,834.00.

3. On the date of the commencement of this case, the Debtor JOHN MACIVER IV was the owner of the property and was obligated on a second mortgage from PEOPLES UNITED BANK (recorded on May 6, 2008 in Volume 189 Page 408) to JOHN MACIVER IV and Jessica K. Verhoosky in the original amount of $51,700.00 plus interest and a present amount of $49,444.00.

4. The debtor claims the following exemptions under Section 522(f) and Section 522(d) (1) of the Bankruptcy Code with respect to the property: to wit, up to $20,200.00 on behalf of the debtor representing his exemption toward any equity in the property (or other amount, if applicable); and, in fact, the property is fully secured by mortgages prior in right to the judgment liens on the property leaving zero ($0.00) equity in said property.

5. The addition liens on the Commencement date were as follows:

   a. DUNCAN TABER, LLC, judgment lien dated July 19, 2010 recorded on July 21, 2010 in Volume 198, Page 706 **against JOHN MACIVER IV** and JESS MACIVER in the original amount of $35,829.16.

   b. CAPITAL ONE BANK (USA), N.A., judgment lien dated April 21, 2010 **against JOHN MACIVER IV** recorded May 10, 2010 in Volume 197, Page 674 in the original amount of $1346.96 plus $75.00 costs.

   c. LAWRENCE AND MEMORIAL HOSPITAL, judgment lien dated September 2, 2008 **against JOHN MACIVER IV** and Jessica MacIver recorded September 8, 2008 in Volume 190, Page 1058 in the original amount of $1851.00 plus $35.00 costs.

NOW THEREFORE IT IS HEREBY ORDERED that the Motion is GRANTED in that the fixing of the following liens on the property are AVOIDED pursuant to 11 USC 522 (d) / 522(f) of the Bankruptcy Code:

   a. DUNCAN TABER, LLC, judgment lien dated April 15, 2009 recorded on July 2010 in Volume 475, Page 114 **against JOHN MACIVER IV** and JESS MACIVER in the original amount of $35829.16.

2

    b. CAPITAL ONE BANK (USA), N.A., judgment lien dated October 14, 2009 **against JOHN MACIVER IV** recorded October 30, 2009 in Volume 470, Page 538 in the original amount of $1346.96 plus $75.00 costs.

    c. LAWRENCE AND MEMORIAL HOSPITAL, judgment lien dated April 22, 2009 **against JOHN MACIVER IV** and Jessica MacIver recorded April 24, 2009 in Volume 464, Page 478 in the original amount of $1851.00 plus $35.00 costs.

Dated: December 6, 2010                    BY THE COURT

FULL COMPLIANCE WITH
SHORT CALENDAR PROCEDURE

Albert S. Dabrowski
United States Bankruptcy Judge

3